UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
FERN D. SIMMONS,                                :
:
                    Plaintiff,        :   05 Civ. 4482 (TPG)
:
     – against –                         :   **Opinion**
:
RICHARD E. OMOHUNDRO, MARTHA                    :
HADELER, JOHN FRABOTTA, ROBERT                  :
WEEDEN, CYPRESSTREE INVESTMENT                  :
MANAGEMENT COMPANY, INC.,                       :
CYPRESSTREE STRATEGIC DEBT                      :
MANAGEMENT CO., INC. and                        :
CYPRESTREE MANAGEMENT                           :
ACQUISITION COMPANY, INC.,                      :
:
                    Defendants.       :
:
------------------------------------------------x

      Following the recent jury trial, the parties have submitted proposed judgments, and briefing on those proposals. Plaintiff requests a judgment in the amount of $2,230,000, with pre-judgment interest running from various dates. Defendants propose a judgment in the amount of $800,000, plus pre-judgment interest running from a single date – January 24, 2005. In the view of the court, plaintiff's citation of law and her interpretation of the jury verdict are correct in all essential respects.

      The jury found defendants Omohundro, Frabotta, and Hadeler liable for breach of a joint venture agreement and found damages in the amount of $650,000. The jury found defendants Omohundro and

Hadeler liable for breach of fiduciary duty and found damages in the amount of $800,000.  The jury found defendant CypressTree liable for unjust enrichment and awarded $285,000.  Finally, the jury found defendant CypressTree liable for quantum meruit and awarded $500,000.

Having presided over the trial of this complex action, the court believes that it is quite clear that the jury made four different findings and each of these four findings involves a different amount of damages.  The finding of liability against three of the individual defendants for breach of a joint venture agreement can reasonably be interpreted to relate to the events of December 2004 and thereabouts, particularly to the letter of December 17, 2004.  The jury obviously found that the $650,000 constituted damages flowing from this breach.

However, liability for breach of fiduciary duty was found only against defendants Omohundro and Hadeler.  In the instructions to the jury, the court made it clear that conduct amounting to a breach of fiduciary duty could be different from conduct constituting breach of a joint venture agreement.  The reasonable interpretation of the jury verdict is that they so found, since there are differences in the defendants held liable and in the amount of damages awarded.

The findings of unjust enrichment and quantum meruit are against a different defendant, CypressTree, and are for amounts, $285,000 and $500,000 respectively, which are different from the

amount awarded for either the breach of joint venture or breach of fiduciary duty. The unjust enrichment and quantum meruit causes of action are by their very nature different from claims for breach of a joint venture and breach of a fiduciary duty.

Moreover, unjust enrichment is, by definition, different from quantum meruit. As the court explained to the jury, the focus of an unjust enrichment claim is on the benefits received by a defendant, whereas the focus of a quantum meruit cause of action is on the services performed by the plaintiff. Thus, they are different claims, and the jury treated them differently in awarding different amounts of money.

Plaintiff's request for pre-judgment interest is concededly well-grounded in the law. The only dispute is about dates. Those chosen by plaintiff are reasonable, except for the quantum meruit award. The court believes that the starting date for interest on that award should be January 1, 2003.

Plaintiff should submit a revised judgment, changing the date for the quantum meruit interest and making a correction as to the unjust enrichment award from $280,000 to the correct amount $285,000.

...

- 4 -

SO ORDERED.

Dated:  New York, New York
       March 28, 2011

_Thomas P. Griesa_
Thomas P. Griesa
U.S.D.J.